## PERRY v. UNITED STATES.

### No. 11122.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 7, 1951.

Decided Jan. 31, 1952.

Clark, Circuit Judge, dissented.

Mr. Lloyd N. Cutler, Washington, D. C. (appointed by this Court), for appellant.

Mr. Charles B. Murray, Asst. U. S. Atty., with whom Messrs. George Morris Fay, U. S. Atty. at the time the brief was filed, and Joseph M. Howard, Asst. U. S. Atty., were on the brief, for appellee. Mr. Charles M. Irelan, U. S. Atty. at the time of argument, also entered an appearance for appellee.

Before CLARK, PROCTOR and FAHY, Circuit Judges.

FAHY, Circuit Judge.

This is an appeal in forma pauperis from a judgment of the District Court. Appellant appears to have been convicted of robbery, 18 U.S.C. § 2114 (Supp.1951); § 22–2901, D.C.Code (1940), and received a sentence of two to six years.[1] The question is

1. Appellant was charged in a three count indictment with acts which would constitute offenses under both 18 U.S.C. § 2114 and § 22–2901, D.C.Code. The notation, however, on the upper right hand corner of the indictment specifies a violation of 18 U.S.C. § 2114 with the pertinent section of the D.C.Code in parentheses.

whether, in view of the provisions of 18 U.S.C. § 4244 (Supp.1951),[2] the District Court should have ordered a psychiatric examination of appellant before placing him on trial.

When the case was called appellant's counsel stated to the court:

"Your Honor, we would like to have a psychiatrist appointed for Perry. My record shows the case was set for the 22nd of June. I had Perry up here. His father wanted to testify as to the boy's mentality. He has been in the asylum. I have the record from the asylum here. I think your Honor would like to see that."

The court did not act upon this request. The effect of course was to deny it. The case thereupon went to trial with the result we have stated.

■ A principal purpose of the statute referred to, as appears from its terms and legislative history,[3] is to prevent an insane person from being tried or imprisoned for crime. The House Report states that the Act is "the result of prolonged, patient, and painstaking study and reflection by a constituted committee of judges (headed by United States Circuit Judge Calvert Magruder) and representatives of the Attorney General." Its enactment by Congress is recent affirmation of the ancient principle of law which seeks to avoid the prosecution of an insane person.[4] See 4 Blackstone's Commentaries, *24. See also, Tatum v. United States, 1951, 88 U.S.App.D. C. 386, 190 F.2d 612, and Davis v. United States, 1895, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499. Other means than prosecution are provided by law for protecting the interest of the public, and of the individual, when insanity lies behind what otherwise would be criminality.

■ The question turns on whether the statute was adequately invoked by motion. If so, the court was obliged to follow the course prescribed to determine whether or not there should be a trial. As above stated, the court was orally addressed by counsel for the accused in the form of a request —"we would like to have a psychiatrist appointed * * *." To say that this was not a motion is to attach some talismanic legal effect to the word "motion" which enables it to pre-empt the field against all

---

The form on which appellant's not guilty plea was recorded referred to a violation of 18 U.S.C. § 2114. The form filed by the clerk's office subsequent to the jury conviction which referred the case to the probation officer and committed appellant to the District jail stated that the charge was a violation of 18 U.S.C. § 2114. The judgment and commitment order under the signature of the District Court judge whereby appellant was sentenced to two to six years specified that appellant had plead to both 18 U.S.C. § 2114 and § 22–2901, D.C.Code, and had been convicted of violations of each of these two sections.

2. "Whenever after arrest and prior to the imposition of sentence or prior to the expiration of any period of probation the United States Attorney has reasonable cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, he shall file a motion for a judicial determination of such mental competency of the accused, setting forth the ground for such belief with the trial court in which

proceedings are pending. Upon such a motion or upon a similar motion in behalf of the accused, or upon its own motion, the court shall cause the accused, whether or not previously admitted to bail, to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court. * * * If the report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused, the court shall hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, including that of the reporting psychiatrist, and make a finding with respect thereto. * * * " 18 U.S.C. § 4244 (Supp. 1951).

3. See H.R.Rep.No.1319, August 24, 1949, to accompany S. 936, 81st Cong., 1st Sess.; 2 U.S.Code Congressional Service 1928 (1949).

4. Pending this appeal, a number of documents relating to appellant's mental condition were presented by both the United States and appellant. These are not here relevant, though they confirm that the request of his counsel for a mental examination had substantial basis.

other expressions serving as well. This we are unable to do. A motion is an application to a court for an order. This is the import of the first sentence of Rule 47, Fed.R.Crim.P., 18 U.S.C.A., "An application to the court for an order shall be by motion." Park Hill Realty Co. v. Lykins, 1942, 290 Ky. 498, 161 S.W.2d 602; 37 Am.Jur., Motions, Rules, and Orders, § 3. Substance, rather than the language and form, determines the nature and effect of a motion. Acker v. H. Herfurth, Jr., Inc., 1939, 71 App.D.C. 241, 110 F.2d 241. Here the request of counsel for the appointment of a psychiatrist was an application to the court for an order pursuant to the statute. The reason for the application was clearly stated. In all substance it was a motion.

Not every motion need be in writing. Rule 47, Fed.R.Crim.P., provides:

"* * * A motion other than one made during a trial or hearing shall be in writing unless the court permits it to be made orally. * * *"

Here the request was made orally in open court with all parties represented. It was neither objected to nor denied on the ground that it was not in writing. While the statute provides that the United States Attorney, in the appropriate circumstances, shall "file" a motion, it is by no means clear that the provision for a "similar motion" on behalf of the accused refers to its form rather than its substance. The court may also act "on its own motion," in which event it is clear no writing is contemplated. Though a written motion ordinarily should be made, and that seasonably, for presumably the statute was framed in keeping with procedural rules, the statute is not to be construed as laying down a rigid rule of procedure. It formulates a means for avoiding trial or imprisonment for crime of a person of mental incompetency. The present motion should have been either entertained or required to be placed in writing. The latter not having been done, we conclude that it was permitted to be made orally within the meaning of Rule 47, supra.

In view of the foregoing the question of prejudice, that is, whether the accused was mentally incompetent at the time of trial, is not to be determined on this appeal. To do so would cause us to take over the fact finding function of the trial court and to ignore the method adopted by Congress for ascertaining the facts. That method calls for inquiry into the mental competency of the accused, in the circumstances presented, before he is placed on trial, which is the purpose of the Act.

The judgment of the District Court is accordingly reversed, and the cause remanded for a new trial, with opportunity to the United States, the accused, and the court, for pretrial consideration and action pursuant to 18 U.S.C. § 4244, footnote 2, supra.

Reversed and remanded.

CLARK, Circuit Judge, dissents.