Stephen S. KELLEY, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 12025.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 19, 1954.

Decided Nov. 24, 1954.

[1]. 41 Stat. 614 et seq., as amended, 46 Stat. 472, as amended, 5 U.S.C.A. § 710.

Mr. Bennett Boskey, Washington, D. C. (appointed by this Court), for appellant.

ard J. O'Brien, Asst. U. S. Attys., were on the brief, for appellee. Mr. Harold H. Greene, Asst. U. S. Atty., also entered an appearance for appellee.

Before EDGERTON, WILBUR K. MILLER and FAHY, Circuit Judges.

FAHY, Circuit Judge.

June 3, 1952, there was filed in the District Court an indictment against the appellant Stephen S. Kelley and another, charging robbery in violation of § 22–2901, D.C.Code (1951). Kelley pled not guilty. July 18, 1952, the United States moved in the District Court for a hearing pursuant to 18 U.S.C. § 4244 (1952), as to the mental competency of Kelley to stand trial. By reason of the terms of this statute, the pertinent parts of which are set forth in the margin,[1] the filing of the motion evidenced that the United States Attorney had reasonable cause to believe the accused,

"* * * may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense * * *."

In response to the motion the court initiated proceedings under the statute and on the same day, July 18, 1952, found that Kelley was mentally incompetent. As authorized by 18 U.S.C. § 4246 (1952),[2] the court thereupon ordered that he

1. "Whenever after arrest and prior to the imposition of sentence or prior to the expiration of any period of probation the United States Attorney has reasonable cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, he shall file a motion for a judicial determination of such mental competency of the accused, setting forth the ground for such belief with the trial court in which proceedings are pending. Upon such a motion or upon a similar motion in behalf of the accused, or upon its own motion, the court shall cause the accused, whether or not previously admitted to bail, to be examined as to his mental con-

dition by at least one qualified psychiatrist, who shall report to the court. For the purpose of the examination the court may order the accused committed for such reasonable period as the court may determine to a suitable hospital or other facility to be designated by the court. If the report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused, the court shall hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, including that of the reporting psychiatrist, and make a finding with respect thereto. * * *" 18 U.S.C. § 4244 (1952).

2. "Whenever the trial court shall determine in accordance with sections 4244 and and 4245 * * * that an accused is or

"* * * be committed to the custody of the Attorney General or his authorized representative until he is mentally competent to stand trial, or until the pending charges against him are disposed of according to law."

February 13, 1953, the Superintendent of St. Elizabeths Hospital certified that under commitment from the District Court Kelley had been received there for treatment October 7, 1952, had recovered his reason, was of sound mind and had been discharged February 13, 1953.

Eight months later, October 12, 1953, the case was called for trial. Kelley's counsel then asked the court, presided over by another judge, to order a re-examination. He stated that the accused was at one time committed to St. Elizabeths and that he had talked to him that morning for about twenty minutes and felt he was not prepared to go to trial. The court said he could hardly grant the motion on counsel's own impressions. This indicated a misunderstanding, for counsel's statement had referred also to Kelley's commitment to St. Elizabeths. Counsel again referred to the record from St. Elizabeths, which he said at the time of Kelley's discharge was not conclusive, and to the prior examination of two doctors "who will testify even now that the man is insane". The court denied the motion and the case went to trial. This appeal is from the judgment on the conviction which followed.

As we have seen from the text of 18 U.S.C. § 4244, n. 1, supra, Congress has provided,[3] insofar as here pertinent, that when his counsel has reasonable cause to believe an accused "may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense," and moves for a judicial determination of the matter, setting forth the grounds for his belief,

"* * * the court shall cause the accused * * * to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court."

If the report of the psychiatrist indicates a state of present insanity or mental incompetency the court shall hold a hearing at which evidence as to the mental condition of the accused may be submitted and the court shall make a finding, followed if need be by the commitment authorized by 18 U.S.C. § 4246, n. 2, supra.

█ This court has twice held that under these provisions a motion such as made in this case must be granted. Perry v. United States, 90 U.S.App.D.C. 186, 195 F.2d 37,[4] decided January 31, 1952, and Wear v. United States, —— U.S.App. D.C. ——, 218 F.2d 24, decided July 22, 1954. Furthermore, in another case, Gunther v. United States, —— U.S.App. D.C. ——, 215 F.2d 493, decided July 1, 1954, this court held also that even in the absence of such a motion a judicial determination of mental competency to stand trial is required when, in circumstances like those in the case at bar, there has been an earlier judicial determination of incompetency and no subsequent judicial determination of competency. The present motion had back of it

---

was mentally incompetent, the court may commit the accused to the custody of the Attorney General or his authorized representative, until the accused shall be mentally competent to stand trial or until the pending charges against him are disposed of according to law. * * *" 18 U.S.C. § 4246 (1952).

3. The careful consideration given by Congress to the problem is shown not only by the text of the statute but by its legislative history. References to the history and purposes of the statute are contained in Perry v. United States, Gunther v. United States, and Wear v. United States, all cited infra.

4. We pointed out in Perry that a written motion ordinarily should be made, and that seasonably, but that the statute was not to be construed as laying down a rigid rule of procedure. We there held sufficient an oral motion made, as in the present appeal, when the case was called for trial. Furthermore, the court did not refuse to entertain the motion in the case at bar on procedural grounds.

not only an earlier finding of incompetency but counsel's representation that the two psychiatrists who had served in the earlier proceedings on court appointment would testify to Kelley's present incompetency. If such a well-founded motion does not bring the statutory procedure into operation the purpose of Congress obviously is frustrated. It was error for the court to deny the motion.[5]

In its brief the Government concedes that the principles enunciated in Gunther v. United States, supra, were violated.[6] It contends, however, that this requires only that the case be remanded to the District Court for the purpose of determining now whether Kelley was competent to go to trial in October, 1953. It is said that final disposition of the appeal should be stayed pending such determination. But the error as we have pointed out is the same as that which occurred in Perry and Wear, where, at the outset of the trial, a motion was made for judicial determination of competency to stand trial, and was erroneously denied. Such a motion was not made in Gunther. In both Perry and Wear we reversed and remanded for a new trial, with opportunity for pre-trial determination of the mental competency of the accused. The sequence laid down by Congress as the appropriate means of avoiding the trial of one who is unable to understand the proceedings and to assist in his own defense is that the determination of his capacity in these respects shall be made before he is actually put on trial. And when the question is properly raised on behalf of the accused before trial the court can readily adjust itself to a procedure which conforms with the Congressional design. Otherwise the determination would be made, as the Government now urges should be done, long after the event which it was intended to precede.[7] Congress sought further to protect the public interest by providing in 18 U.S.C. § 4246, n. 2, supra, that should the trial court determine that the accused is mentally incompetent he need not be released. On the contrary he may be committed to the custody of the Attorney General or his authorized representative until he is mentally competent to stand trial or until the charges are disposed of according to law. Furthermore, pending the examination the court "may order the accused committed for such reasonable period as the court may determine to a suitable hospital or other facility to be designated by the court." 18 U.S.C. § 4244.

In view of the foregoing it is not essential to pass upon other grounds urged for a new trial. The judgment of the District Court is reversed and the cause remanded for a new trial, with opportunity to the United States, the accused, and the court, for pre-trial consideration and action pursuant to 18 U.S.C. § 4244, n. 1, supra.

Reversed and remanded.

5. Such a motion may be denied when not made in good faith or when the ground set forth is frivolous. Wear v. United States, supra.

6. It should be noted that Gunther v. United States had not been decided when the present case was before the District Court.

7. With respect to 18 U.S.C. § 4245 the case is different, for in the situation embraced by that provision there is no alternative to a post-trial determination and Congress itself so provided.

In Coplon v. United States, 89 U.S. App.D.C. 103, 191 F.2d 749, certiorari denied, 342 U.S. 926, 72 S.Ct. 363, 96 L.Ed. 690, and Washington Gas Light Co. v. Connolly, —— U.S.App.D.C. ——, 214 F.2d 254, a post-trial hearing and determination was ordered, pending which the question of a new trial was suspended, but the hearing ordered in those cases did not relate to matters which underlay the ability of the defendant to defend. They also involved situations in which no procedure for pre-trial determination had been set forth by Congress.