**Robert Lee WELLS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 12901.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 6, 1956.

Decided Nov. 8, 1956.

Mr. John A. Shorter, Jr., Washington, D. C., with whom Mr. Perry W. Howard, Washington, D. C., was on the brief, for appellant.

Mr. Lewis Carroll, Asst. U. S. Atty., with whom Messrs. Leo A. Rover, U. S. Atty., at the time brief was filed, William S. McKinley, E. Riley Casey and E. Tillman Stirling, Asst. U. S. Attys., were on the brief, for appellee.

Before EDGERTON, Chief Judge, and PRETTYMAN, WILBUR K. MILLER, BAZELON, FAHY, WASHINGTON, DANAHER, BASTIAN and BURGER, Circuit Judges, sitting en banc.

PER CURIAM.

Appellant was tried and convicted for rape in January 1952 without any question being raised as to his mental competency to stand trial or as to his sanity

at the time of the offense. Two weeks later, when appellant appeared for sentencing, the judge expressed doubt of his competency and ordered a psychiatric examination. The psychiatrists found him to be suffering from "undifferentiated psychosis with schizophrenic and psychopathic tendencies." Ultimately a hearing was held at which the psychiatrists testified and a judicial determination was made that appellant was "presently insane." He was thereupon committed to St. Elizabeth's Hospital. This was in May, more than three months after the trial. No judicial determination was made as to whether appellant was competent in January, when he was tried, nor does it appear that the psychiatrists made any investigation of his January mental state.[1]

In June 1955, after three years of hospital treatment, he was judicially determined to be competent to stand trial. Instead of being tried again, however, he was brought up for sentence on the 1952 verdict. At that time, his counsel orally moved for a new trial upon the ground that there was doubt as to appellant's mental competency at the time of his trial and that there had been no judicial determination that he had then been competent. This appeal is from the denial of that motion.

Sections 4244 et seq., of Title 18 U.S.C., embody "a comprehensive scheme, enacted in 1949, to provide for the care and custody of insane persons charged with or convicted of offenses against the United States."[2]

We are of the view that the purpose of Congress and the attainment of the spirit of that purpose can best be served if, in this case, there be a determination of the state of the appellant's competency at the time he was tried.

Accordingly, as we said in Gunther, so here, we think the interests of justice will be adequately achieved if we remand this case to the District Court with directions to determine judicially whether or not appellant was competent to stand trial at the time he was tried. If it appears that the psychiatric examinations made pursuant to order of the District Court in 1952 were inadequate to provide light on the state of appellant's competency at the time he was tried, the court should order whatever other examinations or inquiries seem indicated in the premises. Of course, whatever other evidence may be available may also be adduced in aid of the determination required by our judgment. If, after the hearing, it shall have been judicially determined that appellant was competent when tried, since there already has been a determination that he was competent when sentenced, the conviction is to stand. If it be determined that he was incompetent when tried, the District Court should vacate the conviction and order a new trial.

Remanded for further proceedings in accordance herewith.

1. The psychiatrists could not ascertain from appellant the date when his illness began because of his mental condition at the time of their examinations. Neither they, nor apparently anyone else, interviewed any of appellant's relatives, friends or acquaintances in an attempt to date the beginning of his illness nor conducted any other inquiry for that purpose.

2. Gunther v. United States, 1954, 94 U.S. App.D.C. 243, 244–245, 215 F.2d 493, 495, and the legislative history there cited.