**Albert LLOYD, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**Nos. 13330, 13331, 13332.**

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 14, 1956.

Decided March 28, 1957.

Mr. Milton V. Freeman, Washington,
D. C. (appointed by this Court), with
whom Mr. Charles A. Reich, Washing-
ton, D. C., was on the brief, for appel-
lant.

Mr. Donald E. Bilger, Asst. U. S.
Atty., with whom Messrs. Oliver Gasch,
U. S. Atty., Lewis Carroll and Alfred
Burka, Asst. U. S. Attys., were on the
brief, for appellee.

Before WILBUR K. MILLER, WASHING-
TON AND BASTIAN, Circuit Judges.

WASHINGTON, Circuit Judge.

These are appeals from an order of
the District Court denying appellant,
without a hearing, any relief under Sec-
tion 2255, Title 28, of the United States
Code (1952), on the ground that the
records in the three cases conclusively
show that no such relief should be grant-
ed. Appellant is now serving a sen-
tence of imprisonment, having been con-
victed of grand larceny. He urges that
two of the allegations contained in his
motion at the very least required the

District Court to conduct a hearing and make findings of fact and conclusions of law.

The first of these allegations is that the trial court arbitrarily failed to inquire into and determine appellant's competency to stand trial. Appellant's court-appointed counsel shortly after arraignment moved the District Court for a mental examination of the accused under the provisions of Section 4244, Title 18, making the following allegations:

"1. That on January 13, 1955, [counsel] personally interviewed the defendant, Albert Lloyd, and he has concluded that said defendant [is] mentally incapable of rational thinking; that the defendant is addicted to narcotics, that he was discharged from the military service after serving nine months because of a physical deficiency; that he recently underwent a serious kidney operation which may have interfered with blood circulation; that he has a 3½ inch scar above his left eye which may have caused a damaging head injury; that said defendant left home when he was but 14 years of age as a product of a broken family which may have affected his attitude towards society; that he found himself in unfamiliar places after periods of unconsciousness.

"2. That he has [a] long criminal record involving crimes of violence although he is only 30 years of age; that he has or seems to be possessed of some irresistible impulse or phobia for the possession of personal property belonging to others; that the U. S. Attorney has advised that in addition to above causes said defendant had 50 other similar cases presented to the Grand Jury in recent weeks."

The court denied the motion. The defendant then spoke privately with his counsel, who thereupon advised the court that pleas of guilty would be made. Judgments were entered, and sentences imposed.

We think that on the showing made it was the duty of the court under Section 4244 to grant the motion and order appropriate examination of the accused.[1] Wear v. United States, 1954, 94 U.S.App.D.C. 325, 218 F.2d 24; Perry v. United States, 1952, 90 U.S.App. D.C. 186, 195 F.2d 37. In several comparable cases, we have found it necessary in the interests of justice to direct the District Court to hold a hearing to determine *nunc pro tunc* the defendant's competency to stand trial.[2] In the present case a hearing pursuant to Section 2255 must be held by the District Court, which should include the issue of mental competency at the time of trial.[3] On that issue, in view of the error of the District Court in failing to order a mental examination made at the time of the original motion, the Government must now bear the burden of proof.

Appellant further alleges that he was denied the effective assistance of counsel within the meaning of the Sixth

1. Since defendant's motion was made on January 20, 1955, we are not here concerned with any effect which the amendment of D.C.Code, § 24–301 might have on the showing required to obtain a hearing under Section 4244. See Act of August 9, 1955, 69 Stat. 609.

2. See Wells v. United States, 1956, 99 U. S.App.D.C. 310, 239 F.2d 931; Gunther v. United States, 1954, 94 U.S.App.D.C. 243, 215 F.2d 493; and Wigfall v. United States, No. 11,711, as to which see order of this court, February 15, 1955, and also Wigfall v. United States, 1956, 97 U.S.App.D.C. 252, 230 F.2d 220, at footnote 1. In certain cases arising on direct appeal we have reversed the judgments of conviction. Kelley v. United States, 1954, 95 U.S.App.D.C. 267, 221 F. 2d 822; Wear v. United States, supra; Perry v. United States, supra.

3. That the issue of mental competency to stand trial can be raised on habeas corpus, and hence under Section 2255, see Sanders v. Allen, 1938, 69 App.D.C. 307, 100 F.2d 717; Bishop v. United States, 1955, 96 U.S.App.D.C. 117, 223 F.2d 582, reversed on other grounds, 1956, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835.

Amendment. We need not decide whether appellant's allegations in this respect would ordinarily—standing alone—entitle him to a hearing on this claim.[4] Here the problem is inseparably linked with that of the appellant's mental competency or incompetency at the time of trial. As we have noted, pleas of guilty were made and accepted in spite of his attorney's allegation that he was "incapable of rational thinking." We have concluded, therefore, that under the circumstances the District Court should in the interests of justice include the issue of effective assistance of counsel in the hearing under Section 2255. On both questions, the District Court should proceed to make determinations of all genuine issues of material fact and reach conclusions of law, following the principles stated in United States v. Hayman, 1952, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232. If it is determined that appellant was competent to stand trial and had the effective assistance of counsel, then the motion should be denied; but if the contrary appears in respect to either question, the District Court should vacate the judgments of conviction. Appropriate proceedings may follow thereafter in accordance with law.

So ordered.

WILBUR K. MILLER, Circuit Judge (concurring in the result in part, and dissenting in part).

I think it is fair to say appointed counsel moved for a mental examination because Lloyd would not talk to him about the cases, because he uses narcotics, because he had been repeatedly indicted, because he left home when he was 14, and because he has a scar on his head. This ought not to be enough to require a mental examination but it probably is under the terms of 18 U.S.C. § 4244. I reluctantly concur in this part of the result: that the cases should be remanded for a hearing as to mental competency when the plea of guilty was entered. If Lloyd is found to have been then competent, the sentences and judgments should stand. If not, then the District Court should vacate the sentences and judgments, after which Lloyd should be again arraigned; and if he properly pleads incompetency as of that time, he may have a hearing as to his then mental condition. I do not concur in the result insofar as the court's opinion deals with the issue of effective assistance of counsel.

4. Cf. Adams v. United States, 1955, 95 U.S.App.D.C. 354, 222 F.2d 45.