Albert **SEIDNER**, Appellant

v.

**UNITED STATES** of America, Appellee.

No. 14133.

United States Court of Appeals District of Columbia Circuit.

Decided Oct. 20, 1958.

Petition for Rehearing Dismissed Nov. 17, 1958.

Appellant filed a brief pro se.

Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll, Alfred Hantman and Nathan J. Paulson, Asst. U. S. Attys., were on the brief for appellee. Messrs. Carl W. Belcher and Fred L. McIntyre, Asst. U. S. Attys., also entered appearances for appellee.

Mr. John W. Douglas, Washington, D. C. (appointed by this Court) entered an appearance as amicus curiae.

Before PRETTYMAN, BAZELON and BURGER, Circuit Judges.

PER CURIAM.

This is an appeal from the District Court's denial, without hearing, of two motions, one for a new trial on the basis of newly discovered evidence, the other to vacate sentence under 28 U.S.C. § 2255. Neither motion alleged any ground upon which relief could be granted. Upon receiving a letter from appellant which indicated he was incarcerated in a mental institution run by the Bureau of Prisons and after examining the records, this court appointed a member of the bar as amicus curiae to file a memorandum. This memorandum raised for the first time a question as to whether appellant had been mentally competent at the time of his trial.

In response to a show cause order which this court issued after considering the amicus memorandum, the Director of Prisons stated that he had examined the report made by the Lewisburg Prison Board of Examiners of its psychiatric examination of appellant, an examination made six and one-half months after sentence on a guilty plea. The Director found therein no probable cause to believe that appellant was mentally incompetent at the time of his plea. See 18 U.S.C. § 4245. However, the present state of the record suggests it is possible that there is some question concerning appellant's competency to stand trial.

 If appellant was incompetent when he pleaded guilty, the sentence must be vacated. Lloyd v. United States, 1957, 101 U.S.App.D.C. 116, 247 F.2d 522. Appellant, however, rejects the idea he may have been incompetent. Despite his protests, we hold that the issue of competency is cognizable under appellant's § 2255 motion by virtue of the amicus memorandum; the former should, *in the*

*peculiar circumstances of this case,* be read to include the latter, for purposes of raising the issue of mental competence.[1] Accordingly we remand in order that the District Court may now determine whether the issue of competency requires that the sentence be vacated as in Kelley v. United States, 1954, 95 U.S.App.D.C. 267, 221 F.2d 822, conviction at new trial reversed on other grounds, 1956, 99 U.S. App.D.C. 13, 236 F.2d 746, or whether on the other hand a determination of appellant's competency can be made *nunc pro tunc,* as in Lloyd v. United States, supra; Wells v. United States, 1956, 99 U.S.App. D.C. 310, 239 F.2d 931; Gunther v. United States, 1954, 94 U.S.App.D.C. 243, 215 F.2d 493, subsequent competency determination reversed for improper procedures, 1956, 97 U.S.App.D.C. 254, 230 F.2d 222.

If the court determines that a *nunc pro tunc* competency determination will be adequate under the circumstances, it should then proceed to resolve the issue and make such a determination. Should it then determine upon adequate evidence that appellant was competent at the time of his trial, the motion to vacate sentence should be denied, otherwise it should be granted.

We are not unmindful of the difficulties which will confront the District Court and counsel on remand; among other things it may be assumed that appellant will not knowingly assist counsel in any effort to prove lack of competence at the time of trial. Nevertheless, it seems to us that the District Court must be allowed to deal with the problem in the first instance, exercising sound judicial discretion to resolve the problems of procedure, order of proof and burden of proof with such limited guidance as

---

1. This case presents us with a different problem than that before the court in Plummer v. United States, 104 U.S.App. D.C. —, 260 F.2d 729. There the court reaffirmed the settled principle that any reason for vacating judgment not urged upon the trial court by the § 2255 petition may not be considered on appeal. Here we are met with the unusual situation that the amicus curiae appointed by this court presents us a possible ground that appellant himself rejects vehemently. It would be anomalous indeed to require a *possibly* incompetent person to present the issue of his own incompetency while he repeatedly denies that he is now or ever has been mentally incompetent.

has heretofore been made available. See Fooks v. United States, 1956, 100 U.S. App.D.C. 348, 246 F.2d 629. The objective must be to achieve fundamental fairness bearing in mind that rigid rules of procedure, or evidence, or order of proof, will not always best serve the interests of substantial justice when applied to a post-conviction proceeding such as this.

Appellant cannot be master of his own pleadings before the District Court, inasmuch as he has repeatedly disavowed all attempts on the part of others to raise the issue of his competence at the time of his guilty plea. If appellant is indeed mentally incompetent, as the amicus memorandum suggests, we cannot rely upon his election as to whether that issue is to be raised in defense. The court below may, at its discretion, appoint counsel to represent appellant's interests, or if he persists in refusing counsel the court may appoint an amicus curiae to present the case independently. The Clerk is directed to lodge with the Clerk of the District Court copies of pertinent papers filed in this court for such use as the District Court may deem desirable.

The appeal from the denial of the motion for a new trial upon the basis of newly discovered evidence is dismissed as without merit. The order denying the § 2255 motion to vacate sentence is set aside, and the case is remanded for further proceedings not inconsistent with the opinion of the court above set forth.

Order set aside and case remanded.

BAZELON, Circuit Judge (concurring).

The question of appellant's mental condition at the time of trial first came to our notice when appellant requested authority to be brought to Washington, D. C., from the Medical Center for Federal Prisoners at Springfield, Missouri, for the purpose of arguing his appeal. Upon inquiry as to why appellant was confined at the Medical Center, we were advised that he was a "certified psychotic." We thereupon appointed a member of the bar as amicus curiae to investigate and file a memorandum.

The memorandum and other records show the following: Appellant went to trial on an indictment for attempted extortion. Midway through the Government's case, appellant announced his desire to plead guilty to a lesser offense of sending a threatening letter through the mails. Appellant addressed the court for some thirty minutes to explain why he wished to change his plea. Apparently because appellant's statements to the court indicated to the prosecutor that appellant might be suffering delusions of persecution, the prosecutor moved for a mental examination of appellant under the provisions of D.C.Code § 24–301. Appellant's counsel opposed the Government's motion. The trial judge, after hearing argument, denied the motion without prejudice to its reconsideration after receipt of a pre-sentence report on appellant.

Appellant came before the trial judge for sentencing on August 1, 1956. Before sentence was pronounced, appellant's counsel assured the judge that he had personally checked into the truth of appellant's statements in changing his plea, and that counsel found some of them to be true. So satisfied, the judge sentenced appellant to serve from one to three years, and appellant was sent to the penitentiary at Lewisburg, Pennsylvania.

The amicus curiae appointed by this court collected several affidavits which support indications that appellant's statements to the court had little basis in fact, but were, rather, paranoic in nature. He recommended that this court should determine why the Director of the Bureau of Prisons had not invoked 18 U.S.C. § 4245 to certify that there was probable cause to believe that appellant had been incompetent at the time of his trial. Contee v. United States, 1957, 94 U.S. App.D.C. 297, 301, 215 F.2d 324, 328. Such a certificate, if transmitted to the District Court, would have compelled a hearing to determine the mental competency of appellant at the time of trial in accordance with the provisions of 18 U.S.C. § 4244.

Over the opposition of appellant, *pro se,* and the Government, the court ordered the Government to show cause why the Director of Prisons had not acted pursuant to § 4245. The Government answered that the Director had examined psychiatric reports of the Lewisburg Board of Examiners,[1] and found no probable cause therein to believe that appellant was mentally incompetent at the time of trial.[2] We thereupon discharged the rule to show cause.

I agree with my brethren that notwithstanding the Director's answer the record before us warrants judicial inquiry concerning appellant's competency when he changed his plea and was sentenced. See Bishop v. United States, 1955, 96 U.S.App.D.C. 117, 223 F.2d 582, reversed on other grounds, 1956, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed 835. And while I also agree that the District Court must have discretion in fashioning the character of the hearing contemplated by our remand, I think we are bound to point out certain circumstances of this case which necessarily control the exercise of that discretion.

Appellant has served notice that he will oppose any determination that he was incompetent to stand trial. He cannot therefore be expected to consult with any counsel who may be appointed to assist him at the hearing. Moreover, since the Prison Bureau has classified appellant as a "certified psychotic" in the recent past, his participation in any proceeding now is a delicate matter requiring great caution. These matters make clear that the

hearing cannot be an adversary one. I think they require that (1) the Government proceed first, (2) the court take the initiative in ordering the presentation of any evidence which promises to shed light on the issue, and (3) unless the court is satisfied by a clear preponderance of all the evidence that appellant was competent when tried, the judgment of conviction be set aside. See Lloyd v. United States, 1957, 101 U.S.App.D.C. 116, 117, 247 F.2d 522, 523.

---

1. See 18 U.S.C. § 4241.

The Board of Examiners' reports had been submitted to the Director pursuant to the provisions of Manual Bulletin No. 301 of the Bureau of Prisons.

2. The Board of Examiners' report, dated February 20, 1957, certified that appellant was "mentally unsound" and recommended his transfer to the Medical Center for Federal Prisoners at Springfield, Missouri. Appellant was so transferred on March 2, 1957. Six week later, after appellant had been given a complete neurological and psychiatric examination,

the Classification Committee at Springfield issued a report on appellant in which it recited findings that he exhibited gross hostility symptoms and was undoubtedly a paranoid. The report referred to contains a footnote which reads as follows:

"The Classification Committee considered the possibility of referring subject [appellant] to the Board of Examiners for consideration of processing under Section 4245; however, *since it has been nine months since his trial and sentence, the Committee questioned the wisdom of referring this case back to the court.*" [Emphasis supplied.]