James Weldon LEWELLYNG, Appellant,
v.
UNITED STATES of America,
Appellee.
No. 20251.

United States Court of Appeals
Fifth Circuit.
July 8, 1963.

James Weldon Lewellyng, pro se, Myron M. Sheinfeld, Houston, Tex., for appellant.

William K. Hughes, Jr., Asst. U. S. Atty., Fort Worth, Tex., Robert B. Ward, Asst. U. S. Atty., Dallas, Tex., Barefoot Sanders, U. S. Atty., for appellee.

Before RIVES, CAMERON and HAYS *, Circuit Judges.

RIVES, Circuit Judge.

Before trial, the defendant's court-appointed attorney moved the court to cause the defendant to be examined as to his mental condition by a qualified psychiatrist and that the psychiatrist report his findings to the court. The grounds set forth in the motion were as follows:

"I. That the accused sustained an injury to his brain while serving with the United States Army in Europe. That as a consequence of such brain injury, the defendant has seizures which are of the following nature:

"Severe shaking of his arms, legs, and body, which become uncontrollable, accompanied with severe pain in his head. That during such sequence of the seizure, which may last for several days, the accused acts in a wild and uncontrollable manner, and is not responsible for his actions in any way. That following such seizure, the accused cannot recall any of the events that occurred during the seizure.

"II. That the accused was given shock treatments by the U. S. Government in Wiesbaden, Germany, and subsequently in Leavenworth, Kansas, while under detention in the U. S. Disciplinary Barracks.

"III. That the accused has, on several different occasions attempted to commit suicide, by hanging himself, slashing his wrists, etc.

"IV. That at the present time, the accused is so mentally incompetent that he cannot assist his counsel in preparation for trial, nor aid in his own defense, in that he talks in an incoherent manner, rambling and talking of all matters, without being able to tell his attorney any facts which may aid his counsel in preparing a defense."

After a hearing the court denied the motion because it concluded that it was not made in good faith. The essential basis for that conclusion was an intercepted letter from the defendant to his female co-defendant, appealing to her to testify in support of his claim of insanity.

Under 18 U.S.C.A. § 4244, the general rule is that in every case where a motion is filed setting forth grounds which constitute reasonable cause to believe that the defendant "may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense," it becomes the mandatory duty of the court to have the defendant "examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court." Krupnick v. United States, 8 Cir. 1959, 264 F.2d 213; United States v. Walker, 6 Cir. 1962, 301 F.2d 211; Gunther v. United States, 1954, 94 U.S. App.D.C. 243, 215 F.2d 493; Kenner v. United States, 8 Cir. 1960, 286 F.2d 208. Only when the motion does not set forth grounds for reasonable cause to believe that the defendant *may be* so insane or mentally incompetent, or when the motion appears, with reasonable certainty, to be frivolous or in bad faith (see Lebron v. United States, 1955, 97 U.S.App.D.C. 133, 229 F.2d 16; Shelton v. United States, 5 Cir. 1953, 205

---

* Of the Second Circuit, sitting by designation.

F.2d 806, 815; Behrens v. United States, 7 Cir. 1962, 312 F.2d 223, 225) can it be denied. In the present case, in order to safely rely upon the defendant's own letter as evidence of bad faith, the district court and this Court must first assume the defendant's mental competency when he wrote the letter, thus effectively begging the question at issue. Thereby the court would itself, without the aid of a qualified psychiatrist, pass upon the defendant's mental competency. Under the statute, that is not permissible. As said in Krupnick v. United States, supra, 64 F.2d at 216:

> "The statute does not provide for a framing of issue or a receiving of evidence on the question of cause for belief, so as to allow the court to weigh other facts against the grounds set out in the motion. And no intent to allow the court to engage in such a preliminary weighing of facts can be implied, for the language of the section is that 'Upon such a motion * * * the court shall cause the accused * * * to be examined * * *.' Indeed, for a court to undertake to resolve whether the elements of 'reasonable cause to believe' impress as being preponderant or nonpreponderant in a particular situation, and to refuse on the basis of such a relative balancing to have a psychiatric examination made of the accused, would be for the court to obliquely pass upon the question of the accused's competency to stand trial or properly to assist in his own defense, and to make such an indirect consideration take the place of the examination, hearing and specific finding for which the statute provides."

■■ We think that the court erred in refusing to grant the defendant's motion for a psychiatric examination before trial. That does not mean that the defendant is entitled to have his sentence vacated or reversed, for his mental competency is subject to *nunc pro tunc* determination. Kenner v. United States, supra; Krupnick v. United States, supra; United States v. Walker, supra; Gunther v. United States, supra; Wells v. United States, 1956, 99 U.S.App.D.C. 310, 239 F.2d 931.

The defendant complains also of the district court's denial of his motion for continuance to enable him to get records and testimony in support of his claimed defense of insanity. We do not hold that the court's denial of continuance was an abuse of discretion. In order, however, to afford a further opportunity for ruling in the light of the psychiatric examination and of such further evidence as may be produced, we vacate the order denying the defendant's motion for new trial.

The case is remanded for the granting *nunc pro tunc* of the defendant's motion for psychiatric examination, and for reconsideration by the district court after such examination and any hearing thereon of the defendant's motion for new trial.

Remanded for further proceedings.

CAMERON, Circuit Judge, concurs in the result.