James Henry MEADOR, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 18889.

United States Court of Appeals
Ninth Circuit.

June 1, 1964.

**936**

Anthony D. Terry, Tucson, Ariz., for appellant.

C. A. Muecke, U. S. Atty., John E. Lindberg, Asst. U. S. Atty., Tucson, Ariz., for appellee.

Before CHAMBERS, HAMLEY and DUNIWAY, Circuit Judges.

HAMLEY, Circuit Judge.

James Henry Meador, Jr., appeals from a judgment of the District Court for the District of Arizona convicting him of escape from the custody of a federal marshal, in violation of 18 U.S.C. § 751 (1958).

Prior to trial Meador's counsel, proceeding under 18 U.S.C. § 4244 (1958), moved in writing for a judicial determination of the mental competency of the accused to understand the proceedings against him or properly to assist in his own defense. After hearing, and without first causing Meador to be examined as to his mental condition by a qualified psychiatrist, the court denied the motion. Appellant contends that this was reversible error.

■ Whenever, after arrest and prior to the imposition of sentence, or prior to the expiration of any period of probation, a motion for a judicial determination of the mental competency of the accused is filed by the United States Attorney, or in behalf of the accused, and it is therein stated that the movant has reasonable cause to believe that the accused may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, setting forth the ground for such belief, it is the duty of the court, under section 4244, to cause the accused to be examined as to his mental condition by at least one qualified psychiatrist who shall report to the court.

■ If the report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused, then section 4244 requires the court to hold a hearing and make a finding as to the mental condition of the accused. But if the report of the psychiatrist indicates no such insanity or mental incompetence, the court may deny the section 4244 motion without a hearing or, in its discretion, may hold a hearing before deciding whether to grant or deny the motion. See Formhals v. United States, 9 Cir., 278 F.2d 43, 47–48.

■ In view of the mandatory terms in which part of section 4244 is couched, the district court may not deny a motion made under that section without first

causing the accused to be examined by a psychiatrist, unless the court correctly determines that the motion is frivolous or not made in good faith,[1] or does not set forth the grounds relied upon by the movant for believing that the accused may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense.[2]

In the case before us the district court did not hold that the motion was frivolous or not made in good faith.[3] But the court did hold that while counsel stated in his motion that he believes that there is a lack of competency, the reason for such belief does not appear from the motion.

If the court was correct in so ruling, then the motion did not conform to the statutory requirement that the ground for the movant's belief that the accused is not competent to stand trial be set forth. In that event, under the decisions cited in note 2, it was not error to deny the motion without first causing a psychiatric examination to be made.

■ The grounds set forth in the motion made in behalf of Meador were stated in a memorandum filed at the same time as the motion, the pertinent part of which is quoted in the margin.[4] In our opinion the grounds so stated are adequate to meet the requirements of section 4244. Denial of the motion without first causing a psychiatric examination to be made was therefore not warranted because of a supposed inadequacy in this regard.

■ As an alternative ground for denial of the motion without first calling for a psychiatric examination, the court relied upon the report made to another judge of the same district court following a section 4244 examination of Meador, which examination had been made five months previously in another criminal proceeding, and upon the transcript of a hearing before the other district judge in the other criminal proceeding, which hearing was held three and a half months previously. In the report made by the psychiatrist, based upon a one-hour examination, the opinion was expressed that Meador was then mentally competent to stand trial. In the hearing held by the other judge following submission of that report, the same psychiatrist, relying upon his earlier examination, expressed the same opinion, and the other judge so found.

The district court in the case now before us thus proceeded on the theory that it is not necessary to call for a psychiatric examination before denying a section 4244 motion if the court determines, on the basis of materials such as those

1. See Lewellyng v. United States, 5 Cir., 320 F.2d 104, 105; United States v. Walker, 6 Cir., 301 F.2d 211, 214; Krupnick v. United States, 8 Cir., 264 F.2d 213; Wear v. United States, 94 U.S.App. D.C. 325, 218 F.2d 24, 26.

2. See Lewellyng v. United States, supra 320 F.2d at 105; Lebron v. United States, 97 U.S.App.D.C. 133, 229 F.2d 16, 18.

3. The court, in fact, expressed the view that counsel for Meador " * * * is in good faith in his motion * * *."

4. "Defense counsel has, in connection with assisting the defendant, James Henry Meador, Jr., to prepare his defense, made a number of recommendations to the defendant which he believes to be for the best interests of the defendant. However, defendant appears to be unable to grasp the import of the suggestions of his counsel and, therefore, counsel believes that he is unable to properly assist in the defense of this case. Counsel has also received communications from defendant which indicate a claim on his part that at the time of the alleged offense he did in fact believe that he was someone other than himself. Defendant also advises that during his minority he had been under psychiatric treatment, although he does not define the nature of the illness treated. No examination has been had in connection with the specific charge in this case. The court is, we are sure, aware of the numerous serious criminal offenses alleged to have been committed by this defendant. The number and nature of these offenses would indicate that a psychiatric disorder exists which should be determined by thorough testing if this defendant is to obtain a fair and impartial trial * * *."

described above, that there is no reasonable cause to believe that the accused is mentally incompetent to stand trial. The statute, however, makes no mention of any such preliminary determination by the court as a basis for deciding whether to call for a psychiatric examination. The "reasonable cause" referred to in section 4244 is that of the movant, not the court. Nor does the statute contemplate a preliminary testing of the movant's reasonable cause as a basis for a possible denial of the motion without first calling for a psychiatric examination. See Krupnick v. United States, 8 Cir., 264 F.2d 213, 216; Wear v. United States, 94 U.S.App. D.C. 325, 218 F.2d 24, 26.[5]

It follows that the alternative ground for denying the motion without first calling for an examination is insufficient to sustain such action.

▮ Where, as here, the error in failing to call for a psychiatric examination

before denying a section 4244 motion is determined in an appeal from the conviction, as distinguished from an appeal in a collateral proceeding,[6] and there are no special circumstances which would warrant a different disposition,[7] we believe that the appropriate remedy is to reverse the judgment and remand the cause for a new trial, with opportunity for a determination of appellant's mental competency to participate in the new trial.

As the District of Columbia Circuit said in Kelley v. United States, 95 U.S. App.D.C. 267, 221 F.2d 822, 825, the sequence laid down by Congress as to the appropriate means of avoiding the trial of one who is unable to understand the proceedings and to assist in his own defense is that the determination of his capacity in these respects shall be made before he is actually put on trial.[8]

There is another consideration which leads us to believe that this case must be

5. Where a previous section 4244 psychiatric examination, report, testimony or finding to the effect that the accused is mentally competent is so recent and so persuasive that a renewal of such a motion could be said to be frivolous, the motion could be denied without first calling for a new examination. But here the district court did not hold that the motion was frivolous, and considering the lapse of time between November, 1962, when the previous examination of Meador was had, and April, 1963 when the section 4244 motion now under consideration was filed, it is unlikely that the court would or could so hold.

6. Where the question arises in an appeal in a proceeding under 28 U.S.C. § 2255 (1958), and it is determined that there was such an error, the usual practice is to remand to the district court with directions to order a psychiatric examination of the accused for the purpose of determining whether he was mentally competent at the time of the trial at which he was convicted. This is the so-called *nunc pro tunc* approach. See United States v. Walker, 6 Cir., 301 F.2d 211; Krupnick v. United States, 8 Cir., 264 F.2d 213; Lloyd v. United States, 101 U.S.App.D.C. 116, 247 F.2d 522.

7. Where a section 4244 motion made by the accused or the court, was first granted, leading to a determination of incompe-

tency, following which the accused was later brought to trial or sentencing on the supposition that he had recovered his sanity, the appellate remedy may be a *nunc pro tunc* procedure as described in note 6. See Wells v. United States, U.S. App.D.C. 310, 239 F.2d 931; Gunther v. United States, 94 U.S.App.D.C. 243, 215 F.2d 493. But, in Kelley v. United States, 95 U.S.App.D.C., 267, 221 F. 2d 822, involving somewhat similar circumstances, the judgment was reversed and the cause remanded for a new trial.

8. See also, Perry v. United States, 90 U.S. App.D.C. 186, 195 F.2d 37, 39. In two other circuits, the *nunc pro tunc* procedure has been used even where the question arose on an appeal from the conviction as distinguished from an appeal in a collateral proceeding. See Lewellyng v. United States, 5 Cir., 320 F.2d 104; Kenner v. United States, 8 Cir., 286 F. 2d 208. The court, in Kenner, cited only its decision in Krupnick v. United States, 8 Cir., 264 F.2d 213, as authority for the *nunc pro tunc* procedure. As pointed out in note 6, Krupnick was a section 2255 proceeding. The court, in Lewellyng, cited as precedent for the *nunc pro tunc* procedure the Kenner and Krupnick decisions, and also the Wells and Gunther decisions which, as pointed out in note 7, are also distinguishable from our case.

remanded for a new trial. The trial was had in June, 1963, and, in all likelihood, before the district court will have an opportunity to do anything on a remand of this cause, more than a year will have elapsed. It would appear to be extremely difficult to determine, sometime in the summer of 1964, whether Meador was mentally competent to stand trial in June, 1963.[9] Perhaps that difficulty is not insurmountable, and perhaps it may be appropriately faced in a collateral proceeding, or in a proceeding where there are special circumstances such as were dealt with in the cases cited in note 7. But on a direct appeal from the conviction we believe the accused should not be required to run that gantlet.

As it cannot now be known whether it will be found that Meador is mentally competent to stand a new trial and, if so, whether the additional asserted errors claimed by appellant on this appeal will again occur, we will not now pass upon the other specifications of error.

The judgment is reversed and the cause is remanded for a new trial, with opportunity to the United States Attorney, the accused, and the court, for pre-trial consideration and action pursuant to 18 U.S.C. § 4244.

CHAMBERS, Circuit Judge (dissenting).

We write here on a slate on which the Supreme Court has not written. I would follow a nunc pro tunc approach and direct a hearing now after another examination. I would not now upset the judgment of conviction. In the end, appellant is entitled to due process, but I consider he would get it just the same if the hearing is held after trial as well as before. A hearing at the end, instead of the beginning, ought to be considered harmless error, if error it be.

As I read 18 U.S.C. § 3500, a defendant is entitled to any pertinent statement in the government file at the moment during the trial when he has become entitled to

them and thereafter asks for them. This does not mean after the trial.

Yet the Supreme Court in Killian v. United States, 368 U.S. 231, 82 S.Ct. 302, 7 L.Ed.2d 256, ordered a hearing to explore what Killian had been deprived of. It did not forthwith reverse the case. We followed the same procedure in Ogden v. United States, 9 Cir., 303 F.2d 724, 323 F.2d 818. I would think it equally appropriate under 18 U.S.C. § 4244, Meador's section.

As the record shows, Meador has a previous history in the district court where the same claim for examination under § 4244 was made. Shall we delay each of his trials with a motion under § 4244 close to the trial date?

---

9. In a similar context the Supreme Court has commented upon the difficulties of retrospectively determining an accused's competency "as of more than a year ago." See Dusky v. United States, 362 U.S. 402, 403, 80 S.Ct. 788, 789, 4 L.Ed.2d 824.