**Andrew J. LEONARD, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 6261.**

Court of Appeals of Alaska.

Feb. 25, 1983.

James E. Gorton, Abbott, Lynch and Farney, Anchorage, for appellant.

Barbara J. Miracle, Asst. Atty. Gen., Anchorage, and Wilson L. Condon, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

On January 6, 1981, Andrew J. Leonard was indicted on three counts of forgery in the second degree. AS 11.46.505(a)(1). On April 27, 1981, Leonard's attorney, Deborah Paquette, moved pursuant to AS 12.45.100 to have Leonard evaluated to determine whether he was competent to stand trial. Paquette submitted an affidavit in support of her motion, in which she alleged that she was very concerned about Leonard's ability to assist in his own defense and make rational judgments about his case; that attorneys who had represented Leonard in the past had expressed concern about his competency to stand trial; and that Leonard did not appear to understand all of his rights or the exact nature of the proceedings in which he was involved.

On April 28, 1981, a hearing was held on Paquette's motion for a competency evaluation. At the hearing, Pacquette reiterated her concerns about Leonard's competency. Judge Johnstone denied Paquette's motion for a competency evaluation. That same day, Paquette filed a motion requesting that Judge Johnstone reconsider his decision denying the competency evaluation. This motion to reconsider was denied on April 29, 1981.

Leonard's trial began on schedule on April 29, 1981. On April 30, 1981, Leonard was found guilty on all three counts of forgery in the second degree.

■ Leonard contends that Judge Johnstone erred in denying the pretrial motion for a competency evaluation. We agree and remand for a new trial. We do not decide whether or not Leonard was, in fact, competent to stand trial on April 29, 1981. We hold today that there was reasonable cause under AS 12.45.100 to believe that Leonard was incompetent to stand trial, that the trial judge therefore had a duty to order a psychiatric evaluation of Leonard and that his refusal to do so constituted reversible error.

■ The duty to order a competency evaluation is not a discretionary one. Once a motion is made under AS 12.45.100, that is neither frivolous nor lacking in good faith and that sets forth reasonable cause to believe the accused *may be* incompetent, the trial court has a mandatory duty to order an examination. *See Fajeriak v. State,* 520 P.2d 795, 802 (Alaska 1974). *See also Lewellyng v. United States,* 320 F.2d 104 (5th Cir.1963); *Caster v. United States,* 319 F.2d 850 (5th Cir.1963); *cert. denied,* 376 U.S. 953, 84 S.Ct. 972, 11 L.Ed.2d 973 (1964); *United States v. Walker,* 301 F.2d 211 (6th Cir.1962); *Kenner v. United States,* 286 F.2d 208 (8th Cir.1960).[1]

As was stated by the Fifth Circuit Court of Appeals, the duty of the trial judge is mandatory rather than discretionary because of the "well-established principle in our jurisprudence that public justice is not served by trial of an individual for an alleged offense when that individual is men-

---

1. AS 12.45.100 is patterned after 18 U.S.C. § 4244 (1969). Therefore, it is useful to look to interpretations of 18 U.S.C. § 4244 by federal courts.

tally unable reasonably to comprehend the action being taken against him or to assist in the defense of his liberty." *Featherston v. Mitchell,* 418 F.2d 582, 586 (5th Cir.1969), *cert. denied,* 397 U.S. 937, 90 S.Ct. 945, 25 L.Ed.2d 117 (1970).

We note that in denying the request for a psychiatric evaluation, the trial judge did not reject defense counsel's factual assertions regarding Leonard's conduct and condition nor did he find that the motion was filed in bad faith or for purposes of delay.

Having determined that a psychiatric examination was erroneously denied, we now consider the proper remedy. In *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960), the United States Supreme Court concluded that the only way to effectively correct an erroneous determination of competency to stand trial is to reverse the conviction and remand to the district court for a hearing as to competency and for a new trial if the accused should be found competent. Similarly, in *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), the United States Supreme Court held that a hearing after a lapse of a period of time to determine an accused's mental competency as of the time of trial would be inadequate due to the difficulty of retroactively determining an accused's competence to stand trial. It therefore held that the proper remedy was a new trial preceded by a competency determination. We feel that the difficulty of making a retrospective determination of Leonard's competency to stand trial requires that we order a new trial preceded by a competency determination. *See United States v. Ives,* 574 F.2d 1002 (9th Cir. 1978), *cert. denied,* 445 U.S. 919, 100 S.Ct. 1283, 63 L.Ed.2d 605 (1980); *United States v. Irvin,* 450 F.2d 968 (9th Cir.1971); *United States v. Burgin,* 440 F.2d 1092 (4th Cir. 1971).

The judgment of the superior court is VACATED and this case is REMANDED for proceedings consistent with this opinion.