**John Hamilton MORRIS, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 22930.**

United States Court of Appeals
Ninth Circuit.

July 23, 1969.

Theo Nelson (argued), and Maurice Nelson (argued), San Francisco, Cal., for appellant.

Darrell W. MacIntyre (argued), Asst. U. S. Atty., Wm. Matthew Byrne, Jr., U. S. Atty., Robert L. Brosio, Asst. U. S. Atty., Chief, Crim. Div., Los Angeles, Cal., for appellee.

Before HAMLEY, BROWNING and CARTER, Circuit Judges.

PER CURIAM:

Appellant was convicted of an attempt to rob a federally insured bank and was sentenced to a term of fifteen years under 18 U.S.C. § 4208(a).

No hearing on competency to stand trial under 18 U.S.C. § 4244, was requested by the United States Attorney

or defense counsel and the court did not on its own motion order such a hearing.

18 U.S.C. § 4244 reads in part: "Whenever after arrest and prior to the imposition of sentence * * * the United States Attorney has reasonable cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, he shall file a motion for a judicial determination of such mental competency of the accused * * *." The defense may make a similar motion or the court may make its own motion. In either of the three situations the court *shall cause* the accused to be examined as to his sanity and/or competence to stand trial.

█ Until the receipt of the pre-sentence report in this case there did not appear the "reasonable cause" to trigger the proceedings under 18 U.S.C. § 4244. But the history of mental illness and treatment, the finding that at a prior period appellant had at that time been insane, although apparently found thereafter to have recovered his sanity and the prior findings at various times of a psychotic condition, all contained in the pre-sentence report, provided the "reasonable cause to believe", etc.

The judgment must be vacated and the cause remanded in order that the appellant be afforded a competency hearing under 18 U.S.C. § 4244.

Whether the judgment of conviction should be reinstated by the trial court if at the hearing the appellant were found competent on the date of his arraignment, trial and sentence (January 9, 1967 to March 20, 1967) is a question no longer open in the circuit. Meador v. United States, 332 F.2d 935 (9 Cir. 1934).

██ Such a nunc pro tunc procedure is available in cases arising under 28 U.S.C. § 2255, *Meador*, supra, p. 938, and note 6; but on direct appeals from a conviction a new trial must be ordered, and the competency hearing then determines, as of the date of the new proceedings, whether the defendant is then competent. *Meador*, supra, p. 939.

Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960), on an appeal from a conviction spoke of the "difficulties of retrospectively determining the petitioner's competency as of more than a year ago" and remanded to the district court for a hearing "to ascertain petitioner's competency to stand trial, and for a new trial if petitioner is found competent". Id. p. 403, 80 S.Ct. p. 789.

The judgment of conviction is reversed and the case remanded to the district court for a hearing on appellant's present competency and for a new trial if appellant is found competent.