**UNITED STATES of America,**
**Appellee,**

v.

**Darrel SHEA, Appellant.**

No. 22852.

United States Court of Appeals,
Ninth Circuit.

Dec. 23, 1970.

Paul A. Renne (argued), San Francisco, Cal., Shea, R. Edward Brown, Sherman Oaks, Cal., for appellant.

Elgin Edwards (argued), Asst. U. S. Atty., Robert L. Meyer, U. S. Atty., Los Angeles, Cal., for appellee.

Before BARNES, HAMLEY and KILKENNY, Circuit Judges.

PER CURIAM:

Appellant, with two others,[1] was indicted, tried and convicted by a jury on ten counts of mail fraud.[2]

## ISSUES

As we view the record, we need discuss only the following issues: (1) sufficiency of the evidence; (2) motion to suppress; (3) admissibility of appellant's oral statement; and (4) adequacy of counsel.

## SUFFICIENCY OF EVIDENCE

Without going into detail, we find that there was substantial evidence of appellant's willful and knowing participation in the fraudulent scheme to use the mails to promote the sale of military surplus equipment imported from Brazil.

## MOTION TO SUPPRESS

On October 15, 1967, while in Brazil, appellant was arrested and jailed by Brazilian authorities. On the same day, Patrick Tierney was arrested by the same authorities. Following Tierney's arrest, Brazilian police searched his room and seized certain material which was later turned over to American officers. At the trial, Shea moved to suppress the material taken from Tierney's room. On appeal, he claims that the denial of this motion was error.

The action of the trial judge in denying appellant's motion to suppress can be sustained on two grounds: (1) there is nothing in the record to indicate that any of appellant's rights were violated by the search of Tierney's room. Appellant does not claim to be a co-tenant with Tierney, nor does he allege that any of his property was located in the room. For that matter, appellant was not even present when the room was searched. McDonald v. United States, 335 U.S. 451, 69 S.Ct. 191, 93 L.Ed. 153 (1948), upon which appellant relies, is distinguishable. That case involved an "invitee" who, being present at the time of an alleged illegal search of his host's room, was held to have standing to challenge the search. Duran v. United States, 413 F.2d 596 (9th Cir. 1969) is not in point, and Hair v. United States, 110 U.S.App.D.C. 153, 289 F.2d 894 (1961) merely follows McDonald. Much more applicable on our facts are Wong Sun v. United States, 371 U.S. 471, 492, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); Dearinger v. Rhay, 421 F.2d 1086 (9th Cir. 1970); and Cochran v. United States, 389 F.2d 326 (10th Cir. 1968), cert. denied 391 U.S. 913, 88 S.Ct. 1808, 20 L.Ed.2d 653 (1968), all of which compel the conclusion that appellant has no standing to challenge the legality of the search of Tierney's room; (2) aside from the question of standing, we hold that the record before us supports the finding of the trial judge that the arrest and search were made by Brazilian authorities and that there was no substantial American participation. Consequently, the motion to suppress was properly denied. Stonehill v. United States, 405 F.2d 738 (9th Cir. 1968), cert. denied 395 U.S. 960, 89 S.Ct. 2102, 23 L.Ed.2d 747 (1969); Brulay v. United States, 383 F.2d 345 (9th Cir. 1967), cert. denied 389 U.S. 986, 88 S.Ct. 469, 19 L.Ed.2d 478 (1967). The mere fact that an official of the American Embassy in Brazil may have known of proposed action by the Brazilian police did not place on the appellee the burden of showing no participation by American authorities in the Brazilian arrest or search.

---

1. Thomas Tierney, Patrick Tierney.

2. 18 U.S.C. § 1341.

## ADMISSIBILITY OF APPELLANT'S STATEMENT

The record establishes that appellant made two incriminating statements during the period of time he was under arrest and prior to any appearance before a committing magistrate. The first statement was made in Brazil to Brazilian authorities without the aid of counsel. The trial judge suppressed this statement. The second statement was made while appellant was in custody of the American authorities in New York. It is conceded that the required *Miranda* warnings [3] were given. This statement was received in evidence against appellant.

Appellant does not claim that Brazilian law required *Miranda*, or similar, warnings. He does claim, however, that an official of the United States Embassy in Brazil should have warned him of his *Miranda* rights before he signed the first statement and that the second statement in New York is tainted with the illegality of the first. The first statement was given in Brazil about October 18, 1966. The New York statement was given on October 23rd.

Appellant's reliance upon Evans v. United States, 375 F.2d 355 (8th Cir. 1967), is misplaced. In *Evans*, there were two periods of interrogation, but no compliance with *Miranda* requirements at any time. Here, appellant does not challenge the sufficiency of the *Miranda* warnings given prior to his New York statement.

Appellant quotes from United States v. Bayer, 331 U.S. 532, 540, 67 S.Ct. 1394, 1398, 91 L.Ed. 1654 (1947): "In such a sense, a later confession always may be looked upon as fruit of the first." He neglects, however, to draw attention to the sentence immediately following the quote, which reads: "But this Court has never gone so far as to hold that making a confession under circumstances which preclude its use, perpetually disables the confessor from making a usable one after those conditions have been removed." *Id.* at 540–541, 67 S.Ct. at 1398. Here, the illegal taint, if any, of the first confession was completely removed by the full explanation to appellant of his *Miranda* rights prior to his making the second statement, the only one received in evidence.

■ Westover v. United States, 384 U.S. 494, 86 S.Ct. 1638, 16 L.Ed.2d 735 (1966), *sub nom.* Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), does not support appellant's views. In fact, the language of that opinion indicates full agreement with the views of the appellee, rather than with those of appellant.[4] We agree with the district judge that the second statement was not tainted with the possible illegality of the first. Of great importance is the significant separation of time and place between the interrogation by the Brazilian police and the interrogation by the American authorities. Shinko v. United States, 408 F.2d 361 (9th Cir. 1969).

## INADEQUACY OF COUNSEL

■ Finally, appellant contends that he was denied the effective assistance of counsel. During the course of the trial, the government called a witness who was a former client of appellant's attorney. After giving his direct testimony, the witness said he wished to claim the

3. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

4. "We do not suggest that law enforcement authorities are precluded from questioning any individual who has been held for a period of time by other authorities and interrogated by them without appropriate warnings. A different case would be presented if an accused were taken into custody by the second authority, removed both in time and place from his original surroundings, and then adequately advised of his rights and given an opportunity to exercise them." 384 U.S. at 496, 86 S.Ct. at 1639.

lawyer-client privilege on cross-examination. During a protracted hearing, appellant's attorney informed the trial court that he had privileged information given to him by the witness during the period when the relationship of attorney and client existed between them. This privilege, the lawyer said, prevented him from cross-examining the witness. The court reluctantly agreed, and the witness was never cross-examined as to his testimony regarding appellant.

The testimony of the witness on direct examination would seem to implicate the appellant. However, the record is extensive and we are not certain that the witness' testimony is such that a reversal is required under the teaching of Tucker v. United States, 235 F.2d 238 (9th Cir. 1956). The witness testified that the co-defendant Tierney told him that appellant was sent to Brazil " * * * to keep Patrick company. * * * " If, in fact, this is the only testimony of this witness which implicates appellant, it might well be that no cross-examination was required and that the failure of the attorney to cross-examine the witness should be viewed as harmless under Rule 52(a), FRCrimP.[5]

Accordingly, the cause is remanded to the trial court with instructions to hold a hearing on the existing record to determine whether the failure to cross-examine was harmless. The attorneys for the parties shall be invited to present arguments on behalf of their respective clients. If the judge concludes that the testimony of this witness was such that failure to cross-examine was not harmless within the meaning of Rule 52(a) and Tucker, he shall grant a new trial. If he concludes to the contrary, he shall place his findings and conclusions in writing, certify them to this court, and forthwith return the record.

Upon remand, the entire record shall be returned to the trial court.

It is so ordered.

---

5. The witness was thoroughly cross-examined on the balance of his testimony by the attorney for the co-defendants.