**UNITED STATES of America,**
Appellee,

v.

Darrell **SHEA**, Appellant.

No. 22852.

United States Court of Appeals,
Ninth Circuit.

July 7, 1971.

Paul A. Renne (argued), San Francisco, Cal., R. Edward Brown, Sherman Oaks, Cal., for appellant.

Robert L. Meyer, U. S. Atty., Elgin Edwards, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

## Supplemental Opinion

Before BARNES, HAMLEY and KILKENNY, Circuit Judges.

PER CURIAM:

Previously, we remanded this case to the district court with instructions to hold a hearing on the existing record in order to determine whether the defense's failure to cross-examine a prosecution witness was harmless. United States v. Shea, 436 F.2d 740, 743 (9th Cir. 1970).

Upon remand, the district judge considered the memoranda of counsel and all the files and records in the cause and then entered findings of fact and conclusions of law determining that the failure of appellant's counsel to cross-examine the witness was completely harmless. He found that the witness was thoroughly cross-examined by the attorneys for appellant's co-defendant and that further questioning by appellant's attorney might only have brought out other evidence detrimental to appellant. By avoiding cross-examination, the court found, appellant's attorney limited the testimony of the witness against his client to the bare statement that appellant had been sent to Rio de Janeiro, which fact had been independently established by other evidence.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Based upon its findings, the court concluded that cross-examination was unnecessary and that, even if the failure to cross-examine did constitute error, such error did not affect appellant's substantial rights and was, therefore, harmless under Rule 52(a), F.R.Crim.P. We agree.

The judgment of conviction is affirmed.