**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Hubert Hall IRVIN, Jr., Defendant-
Appellant.**

**No. 23773.**

United States Court of Appeals,
Ninth Circuit.

Oct. 8, 1971.

Kilkenny, Circuit Judge, dissented
and filed opinion.

James McWilliams (argued), San
Francisco, Cal., for defendant-appellant.

John M. Newman, Jr., Asst. U. S. Atty.
(argued), Roger A. Browning, Asst. U. S.
Atty., Robert L. Meyer, U. S. Atty.,
David R. Nissen, Chief, Crim. Div., Irving Prager, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before DUNIWAY, ELY and KILKENNY, Circuit Judges.

DUNIWAY, Circuit Judge:

Irvin appeals from a judgment of conviction of bank robbery, 18 U.S.C. § 2113 (a), (d), and (e). We need consider only his claim that the trial judge should have granted his counsel's motion for an examination to determine his competency to assist in his own defense. We reverse.

On November 6, 1967, the case was set for trial on Tuesday, December 5, 1967. On that day, Irvin's appointed counsel stated that she had "a motion to make," and the following occurred:

"MRS. CUTLER: [defense counsel]

I realize the lateness and I realize all of the witnesses the government has subpoenaed are present. I was furnished with a list of witnesses on Friday and could not get to see Mr. Irvin until Monday. I visited him on two

prior occasions as well. On each of those occasions it appears that Mr. Irvin is totally unable to assist me in preparing a defense. His assistance consists in stating, 'I want a trial.' He is unable to provide me with anything.

"It became blatantly apparent to me yesterday when I spent over an hour with him going over witnesses, going over the evidence which the Government is going to produce which was represented to me that they were going to produce and it appears to me that Mr. Irvin is totally unable to assist me in any way whatever.

"THE COURT: Do you think he is incompetent?

"MRS. CUTLER: I am not sure, your Honor. He is incompetent so far as assisting me with his defense. Whether this is mental incompetency or not I don't know. I am not a psychiatrist.

"I have discussed this with Mr. Irvin and I get no reaction from him as to whether he is in need of psychiatric attention, whether he should have a psychiatric report. He does not react to me either on that matter."

"THE COURT: Mr. Browning, do you have any evidence?

"MR. BROWNING: I have no evidence in the file, your Honor, that would indicate a psychiatric problem.

"THE COURT: Do you think you have a psychiatric problem, Mr. Irvin?

"THE DEFENDANT: I couldn't say really. I wouldn't know myself whether I was psychiatrically—

"THE COURT: Have you ever had any psychiatric problems?

"THE DEFENDANT: No.

"THE COURT: Do you understand what is going on here today?

"THE DEFENDANT: Yes.

"THE COURT: What is going on here today?

"THE DEFENDANT: Well, I am supposed to be having a trial.

"THE COURT: I beg your pardon?

"THE DEFENDANT: My trial is going on today.

"THE COURT: For what purpose?

"THE DEFENDANT: For a bank robbery.

"THE COURT: Have you been able to talk to your lawyer about this matter?

"THE DEFENDANT: Yes, I talked to her the other day in reference to it.

"THE COURT: Have you been able to furnish her with any information?

"THE DEFENDANT: Well, only what she asked me and I told her the best of my knowledge.

"THE COURT: In other words, as to the factual situation?

"THE DEFENDANT: Well, yes.

"THE COURT: Do you understand what she was asking you?

"THE DEFENDANT: Yes.

"THE COURT: Were you able to answer these questions?

"THE DEFENDANT: Well, I answered it to the best of my knowledge, I will put it that way.

"THE COURT: Well, all right. We will pick a jury this morning."

A jury was then empanelled and the matter recessed until December 9. On that day, before the jury was brought in, Irvin's counsel told the trial judge that Irvin "has further stated to me to reiterate to the court that he does not feel he is competent to assist in his defense at this time." The judge replied: "The court has already found, and finds again, for purposes of the record, that the defendant Irvin is competent to assist in his defense."

These proceedings do not comport with the requirements of 18 U.S.C. § 4244.[1]

1. Section 4244 reads, in relevant part:
"Whenever after arrest and prior to the imposition of sentence * * * the United States Attorney has reasonable cause to believe that a person charged with an offense against the United

It does not matter whether we view the trial judge's action as a finding, on the merits of the issue, that Irvin was competent to stand trial, or as simply a denial of Irvin's motion for a psychiatric examination to determine his competency. Under either view, the requirements of the section were not met.

██ We have trod this ground before. Meador v. United States, 9 Cir., 1964, 332 F.2d 935; Morris v. United States, 9 Cir., 1969, 414 F.2d 258. A motion to determine competency under section 4244 can be denied without granting a psychiatric examination only if the trial judge correctly determines that the motion is frivolous or is not in good faith or does not set forth the grounds relied upon for believing that the accused may be incompetent. Meador, supra. Otherwise, a finding of competency can be made only following a psychiatric examination and report. No suggestion of frivolity or bad faith appears on this record, and counsel's statements adequately presented the grounds for her belief that Irvin was unable to assist her—namely, that he in fact did not assist her and that he positively appeared to her to be unable to do so. We need not decide whether, had the trial judge's personal inquiries into Irvin's own feelings about his competency been more thorough, the "reasonable cause" already made out could, under section 4244, have been dispelled. Here the questioning of Irvin was perfunctory, to say the least, and Irvin's answers were as ambiguous as the questions were perfunctory.

██ Section 4244 cannot be construed to require a formal written motion, of the sort filed in *Meador, supra*. Such a construction would be inconsistent with the mandatory requirement that the trial judge order a psychiatric examination on his own motion whenever there appeared "reasonable cause" to support a belief of possible incompetency. *Morris, supra*. Counsel's informal motion, renewed at trial, sufficed to supply such "reasonable cause."

We must "reverse the judgment and remand the case for a new trial, with opportunity for a determination of appellant's mental competency to participate in the *new* trial." *Meador, supra*, 332 F. 2d at 938 (emphasis added). Accord, Dusky v. United States, 1960, 362 U.S. 402, 403, 80 S.Ct. 788, 4 L.Ed.2d 824 (per curiam); *Morris, supra*, 414 F.2d at 259. Under these decisions, it would not be appropriate to remand for a "nunc pro tunc" hearing to determine whether Irvin was in fact competent at the time he stood trial. Such cases as United States v. Pennington, 9 Cir., 1971, 439 F.2d 145, and United States v. Shea, 9 Cir., 1970, 436 F.2d 740, 743, did not involve either section 4244 or the "difficulties of retrospectively determining the [accused's] competency as of more than a year ago." Dusky v. United States, *supra*, 362 U.S. at 403, 80 S.Ct. at 789.

Reversed and remanded for proceedings consistent with this opinion.

KILKENNY, Circuit Judge (dissenting):

I dissent. The fact that appellant did not cooperate with his attorney does not establish that he was unable to assist in

---

States may be presently * * * so mentally incompetent as to be unable * * * properly to assist in his own defense, he shall file a motion for a judicial determination of such mental competency of the accused, setting forth the ground for such belief with the trial court in which proceedings are pending. Upon such a motion *or upon a similar motion in behalf of the accused, or upon its own motion,* the court *shall cause* the accused * * * to be

examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court. * * * If the report of the psychiatrist indicates a state of * * * such mental incompetency in the accused, the court shall hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, including that of the reporting psychiatrist, and make a finding with respect thereto. * * *" (Emphasis added.)

his own defense. One accused of bank robbery, such as appellant, when faced with the adverse testimony of at least four eyewitnesses, might have excellent reasons for not responding to an attorney's questions. For example, he might know that he had no defense. In such case, why should he waste his time answering a lawyer's questions? I suggest that the court's questions, in most instances, were precise and to the point, rather than "perfunctory" as suggested by the majority. So were appellant's responses. Here, it is obvious the trial judge felt that there was no merit whatsoever in the contention that appellant was unable to assist in his own defense and that such a contention was frivolous within the doctrine stated in Meador v. United States, 332 F.2d 935 (9th Cir. 1964). The accused's mental competency under § 4244 is to be determined by the trial court and its determination is not to be set aside on review unless clearly arbitrary or unwarranted. Hall v. United States, 410 F.2d 653, 658 (4th Cir. 1969), cert. denied, 396 U.S. 970, 90 S.Ct. 455, 24 L.Ed.2d 436 (1969); In re Harmon, 425 F.2d 916, 918 (1st Cir. 1970); cf. United States v. Taylor, 437 F.2d 371 (4th Cir. 1971). At all times, we must keep in mind that the determination was made by the trial judge only after a face to face examination and observation of appellant. It has been said that the human face is the index to character and that facial expressions cross all language barriers. The facial expressions of a witness may convey much more to the trier of the facts than do the spoken words. We should not substitute our judgment for that of the trial judge who was eyeball to eyeball with the appellant, not only during the hearing, but, also throughout the two day trial.

Of great significance, in my opinion, is the fact that there is no showing whatsoever that appellant did not actively assist his attorney in the course of the trial, during which period the trial judge again had an opportunity to see and observe the actions of the appellant.

Finally, appellant's numerous letters to the court, begging for a modification of the sentence, clearly demonstrate that appellant was fully aware of the nature of the charges against him and obviously capable of assisting his counsel during the trial. Each letter was treated as a motion for a modification of the sentence and was denied by the judge. The letters to the judge, in my view, prove beyond any question that appellant was sufficiently competent to stand trial. On this type of record, we should examine all of the evidence which was before the trial court, including the letters aforementioned. These letters clearly establish that even though the initial hearing might be viewed as "perfunctory", the judge's finding was correct and his failure to order a psychiatric examination was harmless under Rule 52(a), F.R.Crim.P. If these letters were before the court at the time of the initial hearing, I venture to say we would not have this issue before us.

Appellant's other contentions being without merit, the judgment of conviction should be affirmed.