UNITED STATES of America,
Plaintiff–Appellee,

v.

Tomas PLASCENCIA–VALENZUELA,
Defendant–Appellant.

No. 00–50490.
D.C. No. CR–99–02227–JM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 5, 2001.

Decided June 18, 2001.

Before D.W. NELSON, FERNANDEZ, and RYMER, Circuit Judges.

## MEMORANDUM *

Tomas Plascencia–Valenzuela appeals his conviction for attempted entry after deportation, in violation of 8 U.S.C. § 1326, and for making a false claim of United States citizenship, in violation of 18 U.S.C. § 911. We reverse his conviction and remand for further proceedings.

Plascencia argues that the district court should have held a *Pate* [1] hearing regarding his competence to stand trial, in light of what it knew about his condition before, during and after trial. We agree. Because once trial started no *Pate* hearing was actually requested, we review the district court's failure to conduct one sua

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Pate v. Robinson,* 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966).

sponte for plain error. *See United States v. Lorenzo,* 995 F.2d 1448, 1456 (9th Cir. 1993); *see also United States v. Giron-Reyes,* 234 F.3d 78, 80 (1st Cir.2000).

The evidence of incompetency which accumulated before, during and after trial rose to such a level that a second competency hearing was compelled.[2] *See Odle v. Woodford,* 238 F.3d 1084, 1087 (9th Cir.2001); *United States v. Lewis,* 991 F.2d 524, 527 (9th Cir.1993); *de Kaplany v. Enomoto,* 540 F.2d 975, 979 (9th Cir. 1976); *Moore v. United States,* 464 F.2d 663, 666 (9th Cir.1972).

While the evidence was not sufficient to demonstrate beyond peradventure that Plascencia was incompetent at the time of trial, it was sufficient to amount to substantial evidence that he was. The district court plainly erred when it failed to sua sponte conduct a hearing to consider that question.

When a district court fails to conduct a competency hearing at the proper time, we must order that the "conviction is reversed and the case remanded to the district court for a hearing on appellant's present competency and for a new trial if appellant is found competent." *Morris v. United States,* 414 F.2d 258, 259 (9th Cir. 1969) (per curiam); *see also Blazak v. Ricketts,* 1 F.3d 891, 900 (9th Cir.1993); *Meador v. United States,* 332 F.2d 935, 938 (9th Cir.1964). Thus, we do that now.

REVERSED and REMANDED.

---

**2.** The district court did order a report and conduct a hearing before trial. The limited
information available at that time satisfied the court that Plascencia was not incompetent.