NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts.*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@appellate.courts.state.ak.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

JOHNNIE J. GAMBLE, )
)            Court of Appeals No. A-11042
Appellant, )            Trial Court Nos. 1SI-10-282 CR
)                 & 1SI-10-407 CR
v. )
)               O P I N I O N
STATE OF ALASKA, )
)
Appellee. )
_____)            No. 2428 — September 19, 2014

Appeal from the District Court, First Judicial District, Sitka, David V. George, Judge.

Appearances: Kelly Taylor, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant. Jean E. Seaton, Assistant District Attorney, Sitka, and Michael C. Geraghty, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, and Allard, Judge, and Hanley, District Court Judge.[*]

Judge ALLARD.

After being charged with three counts of violating a domestic violence protective order, Johnnie J. Gamble was found incompetent to stand trial and committed

_____

[*]    Sitting by assignment made pursuant to article IV, section 16 of the Alaska Constitution and Administrative Rule 24(d).

to the Alaska Psychiatric Institute (API) for 90 days in an effort to restore him to competency.[1] At the end of the 90-day commitment, the trial court concluded that Gamble was competent to proceed to trial, despite his attorney's continuing objections that Gamble could not meaningfully participate in his own defense. Gamble was subsequently convicted of two counts of violating a protective order.

Gamble appeals, arguing that the trial court erred in finding that he was competent to stand trial. For the reasons explained in this opinion, we affirm the trial court's ruling.

*Facts and proceedings*

The State charged Gamble in two separate cases with three counts of violating a domestic violence protective order. Shortly after Gamble's arraignment, Gamble's attorney requested a competency evaluation of Gamble to determine if he was legally competent to stand trial.

Dr. Lois Michaud, a forensic psychologist at API, conducted a competency evaluation of Gamble on January 19, 2011. Dr. Michaud reported that Gamble was very delusional and would be unable to consult with his attorney in a rational manner or present a rational defense. She observed that Gamble's delusions included his belief that he had already been to trial and that he needed to talk to a physicist because, in his words, "the theory of causality, cause and effect, everything is created by God and every physical thing possibly has already happened and can happen again." Dr. Michaud concluded based on the intensity and intrusiveness of Gamble's delusions that he was not competent to stand trial.

---

[1] *See* AS 12.47.100.

Superior Court Judge David V. George, sitting as a district court judge, found Gamble incompetent to stand trial. Pursuant to AS 12.47.110(a), Judge George then ordered Gamble committed to API for 90 days for further evaluation and possible restoration to competency.

Near the end of the 90 days, Dr. Michaud re-evaluated Gamble and concluded that his mental condition had improved under the structured setting of the psychiatric hospital and that he was now competent to stand trial. At the subsequent competency hearing, Dr. Michaud testified that when she first interviewed Gamble in January, his delusional ramblings and the intrusiveness of his delusional thoughts made him very difficult to interview. Gamble had greatly improved by the time he was re-evaluated, and his delusions were significantly "less intrusive" than before. Dr. Michaud concluded that while Gamble's delusions had not entirely disappeared, they no longer presented the same barrier to coherent and rational communication as before.

However, Dr. Michaud specifically warned the court and the parties that exposure to an unstructured environment (like jail or trial) could cause Gamble's delusions to become more intrusive, and that Gamble's attorney "would be the first to know" if Gamble began to experience the type of active delusions that would render him incompetent.

Gamble's attorney disagreed with Dr. Michaud's conclusion that Gamble was competent to stand trial. The attorney argued that the nature of Gamble's delusions — his belief that everything happens in a loop, and that everything has happened before, including his trial — meant that Gamble was unable to effectively assist in his own defense, and that his case should therefore be dismissed under AS 12.47.110(b).

Judge George concluded that the mere existence of Gamble's delusions, standing alone, did not necessarily prevent him from communicating with a reasonable degree of rational understanding with his attorney or otherwise prevent him from meeting

the standard for competency. After observing Gamble's demeanor at the second competency hearing, the court found that Gamble was doing better and that he was not in one of his "more agitated states." The court further found that Gamble "appreciate[d] the nature of the proceedings," understood the role of the parties and court, and was able to speak and convey thoughts to his attorney, including his various disagreements with his attorney's litigation strategy. The court therefore found Gamble competent to stand trial and scheduled a trial calendar call for the following month.

At the calendar call a month later, Gamble's attorney indicated that he continued to have difficulties communicating with Gamble. He requested that the trial judge communicate directly with Gamble to determine how Gamble would like to proceed. Judge George spoke to Gamble about the various options, and Gamble decided that he wanted to go to trial, that he wanted a jury trial, and that he wanted the two cases consolidated. The judge granted these requests and also made the following findings:

> I should note for the record, there has been some concern in the past about Mr. Gamble's mental state .... Today I found that he is responsive to the Court's inquiry; he appears to have a grasp of the understanding [of] his options and has been able to express himself and do so coherently and I don't have any reason to ... believe that he's not able to proceed at this time. So I want to make that finding for the record.

A week later, on the morning of trial, Gamble's attorney renewed his motion to dismiss under AS 12.47.110(b). Gamble's attorney again argued that the nature of Gamble's delusions — his belief that everything had happened before and could happen again — made it impossible to communicate meaningfully with Gamble regarding his defense, and that he was not competent to stand trial.

In response to the renewed motion, the prosecutor offered to leave the courtroom so the defense attorney could supplement the record with any specific examples

of the communication problems he was having with Gamble. But the defense attorney indicated that he did not have anything to add to his argument at the earlier hearings.

The judge then asked the defense attorney whether he believed Gamble's situation was any different than it had been at the last calendar call — that is, whether Gamble's condition had deteriorated in the week since the judge made his most recent findings related to Gamble's competency. The attorney indicated that the situation was the same. Based on this response, the court declined to revisit its prior competency ruling and reaffirmed its ruling that Gamble was competent to proceed.

The case then went to trial. The jury convicted Gamble of two counts of violating a protective order and acquitted him of the third count.

This appeal followed.

*Did the trial court err in finding Gamble competent to stand trial?*

Under Alaska law, a defendant is incompetent to stand trial if, as a result of a mental disease or defect, the defendant is "unable to understand the proceedings against the defendant or to assist in the defendant's own defense."[2] This standard necessarily incorporates the federal constitutional standard for competency to stand trial, which requires a defendant to have a rational and factual understanding of the proceedings against him and to have a sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding.[3]

---

[2]  AS 12.47.100(a).

[3]  *See Dusky v. United States*, 362 U.S. 402, 402 (1960).

A defendant who is incompetent to stand trial may not be tried, convicted, or sentenced for the commission of a crime so long as the incompetency exists.[4] The conviction of a defendant who is not competent to stand trial violates due process of law.[5]

Because the integrity of the judicial proceeding is at stake when the competency of a criminal defendant is in question, a trial court has a duty to order a competency evaluation whenever there is good cause to believe that the defendant may be incompetent to stand trial.[6] Additionally, because a defendant's mental state may deteriorate under the pressures of incarceration or trial, a trial court is required to be responsive to competency concerns throughout the criminal proceeding.[7]

In the current case, Gamble does not dispute the trial court's finding on the first prong of the competency standard. That is, Gamble does not dispute that he understood the proceedings against him. Instead, his challenge is exclusively to the second prong of the competency test — whether he could participate in his own defense and consult with his lawyer with a reasonable degree of rational understanding.[8]

Gamble asserts on appeal, as he did below, that the nature of his delusional beliefs — which made him believe that everything had already happened — prevented

---

[4]    AS 12.47.100(a).

[5]    *Drope v. Missouri*, 420 U.S. 162, 171 (1975); *see also McKinney v. State*, 566 P.2d 653, 658 (Alaska 1977) ("The accuracy of the factfinding process, the philosophy of punishment and the appearance of fairness in the adversary system are severely compromised by the conviction and sentencing of a defendant who is unable to consult with his attorney and rationally understand the charges against him.").

[6]    *Leonard v. State*, 658 P.2d 798, 799 (Alaska App. 1983).

[7]    *See Smiloff v. State*, 579 P.2d 28, 36 ("[T]he duty to determine competency is not one that can be once determined and then ignored."); AS 12.47.100(b).

[8]    *See Dusky*, 362 U.S. at 402.

him from being able to assist in his defense or communicate with his attorney with a reasonable degree of rational understanding.

But as the Alaska Supreme Court has previously recognized, "[t]he presence of some degree of mental illness is not an invariable barrier to prosecution."[9] A defendant may have some degree of impaired functioning but still be "minimally able to aid in his defense and to understand the nature of the proceedings against him."[10] To a large extent, therefore, "each case must be considered on its particular facts."[11]

Here, the record indicates that the trial court took the competency concerns raised by the defense counsel very seriously. The court held multiple hearings on Gamble's competency, including a full evidentiary hearing at which the forensic psychologist testified and was questioned by the prosecutor, the defense attorney, and the judge. Moreover, the court did not simply defer to the psychologist's opinion.[12] Instead, the court made its own independent findings and continued to make additional findings at later hearings, demonstrating the court's awareness that Gamble's situation was not necessarily stable and that the highly intrusive delusions that previously presented a barrier to his competency could quickly return.

On appeal, Gamble argues that the trial court should have deferred to the defense attorney's assertion that Gamble was unable to assist in his defense because the defense attorney was the only person in a position to make that assessment.

---

[9] *Schade v. State*, 512 P.2d 907, 914 (Alaska 1973) (footnote omitted).

[10] *Id*. (citations omitted).

[11] *Id*.

[12] *See Adams v. State*, 829 P.2d 1201, 1207-08 (Alaska App. 1992) (Bryner, C.J., concurring) (determination of competency is ultimately a legal matter, not a medical matter and superior court's deference to psychologist's opinion amounted to a failure to exercise judicial discretion and constituted an independent ground for reversal).

We agree that a defense attorney is in a unique position with regard to assessing a defendant's ability to assist in his own defense and that a defense attorney's assessment of the defendant's functioning is therefore an important factor for the court to consider.[13] But ultimately the question of whether the defendant is competent to stand trial is a determination that the trial court must make independently based on all of the information before it.[14] Thus, just as it would be error for the trial court to defer to the forensic psychologist's assessment of Gamble's competency, so too would it be error for the trial court to simply adopt the defense attorney's perspective of the defendant's incompetency, without making its own independent determination based on all the information before it.

We note that despite being given the opportunity to provide more specific information to the trial court regarding the communication problems with Gamble, the defense attorney stated that he had no further information for the court to consider. We also note that the attorney did not request an additional forensic competency evaluation. Nor did the attorney assert that Gamble's functioning had deteriorated since the previous hearing or that the court should make new findings on Gamble's competency. Instead, the defense attorney repeated his previous argument — that the nature of Gamble's

---

[13] *See, e.g., McKinney*, 566 P.2d at 660 (recognizing that a defense attorney's opinion on the client's competency or incompetency is an important, but not dispositive, factor for trial court to consider in its competency determination); *see also* ABA Criminal Justice Mental Health Standards 7-4.2 & commentary (addressing criminal defense attorney's ethical obligations to raise competency concerns even over defendant's objection and even though it may result in longer pre-trial detention and/or the stigma of institutionalization).

[14] *See, e.g.*, *Adams*, 829 P.2d at 1207-08; *United States v. Weston*, 36 F. Supp.2d 7, 9 (1999) (citations omitted) ("[I]t is the duty of the District Court to make a specific judicial determination of competency to stand trial, rather than accept psychiatric evidence as determinative of this issue.").

delusions alone made Gamble incompetent to stand trial, and that the case should be dismissed on that basis.

Given the record before us, we conclude that the trial court did not err in rejecting this argument and in finding that Gamble was competent to stand trial.

*Conclusion*

We AFFIRM the judgment of the superior court.